UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHERYL ANN CARTWRIGHT,

                                      Plaintiff,        Case # 19-CV-6543-FPG

v.                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

## INTRODUCTION

Plaintiff Cheryl Ann Cartwright brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 7. For the reasons that follow, the Commissioner's motion is DENIED, Cartwright's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In May 2016, Cartwright applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 51. She alleged disability since May 1, 2016. Tr. 51-52. On May 24, 2018, Administrative Law Judge Carl E. Stephan ("the ALJ") issued a decision finding that Cartwright is not disabled. Tr. 15-23. On May 29, 2019, the Appeals Council denied Cartwright's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

**LEGAL STANDARD**

**I.      District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Cartwright's claim for benefits under the process described above. At step one, the ALJ found that Cartwright had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Cartwright has severe impairments of obesity, arthritis of the lower extremities, diabetes with neuropathy in the lower extremities, and a

right foot injury with toe amputations. Tr. 18. At step three, the ALJ found that her impairments do not meet or medically equal any Listings impairment. *Id.*

Next, the ALJ determined that Cartwright retains the RFC to perform a full range of sedentary work. Tr. 19. At step four, the ALJ found that Cartwright could perform her past relevant work as an office assistant and clerk. Tr. 22. Accordingly, the ALJ concluded that Cartwright is not disabled. *Id.*

## II.     Analysis

Cartwright argues the ALJ's decision is erroneous because, *inter alia*, the ALJ misstated the facts relating to her retirement from work. *See* ECF No. 6-1 at 18-19. Because the Court agrees, it need not address Cartwright's other arguments.

By way of background, Cartwright has a host of medical problems relating to her lower extremities. She has long had numbness, tingling, and chronic pain in her feet and ankles. *See, e.g.*, Tr. 413, 437, 440. Medical providers have performed several surgeries to treat these ongoing issues, including a left-foot fusion surgery in 2009, Tr. 404, 624, and multiple toe amputations from 2013 to 2015, Tr. 232, 512, 573, 594. Despite these surgeries, she continued to work until she reached retirement age in April 2016. Tr. 141, 158. At the hearing, Cartwright testified that she had stopped working at that point "because [she] could no longer do [her] position" and that, due to her leg impairments and prior surgeries, she "struggled to get to work every day." Tr. 34.

This sentiment is reflected in Cartwright's initial disability report. She stated that she stopped working "because of [her] condition(s)" and "because of other reasons." Tr. 141. In response to the question "Please explain why you stopped working," Cartwright answered, "I officially retired from New York State Service on April 30, 2016 after 31 ½ years of service." *Id.*

However, the ALJ's decision does not acknowledge Cartwright's allegation that she stopped working in part due to her conditions. The ALJ summarized Cartwright's retirement as follows:

> [T]he record shows that her retirement was not related to her impairments, the claimant simply notes that she retired after 31.5 years of service with New York State government services, and nothing in the record indicates that the claimant was unable to continue such work.

Tr. 20. The ALJ cites the disability report as support for this finding, but he omits any mention of Cartwright's statement that she also stopped working "because of her conditions." *See* Tr. 20, 141.

The ALJ's statement about the reason for Cartwright's retirement constitutes a mischaracterization of the evidence, and "[i]t is well-settled that an ALJ may not mischaracterize the record, nor rely on such a mischaracterization to meet the substantial evidence test." *Hill v. Comm'r of Soc. Sec.*, No. 14-CV-9665, 2017 WL 5632813, at *5 (S.D.N.Y. July 28, 2017). Cartwright claimed in her disability report she stopped working because of her conditions, and she made clear at the hearing that she retired because her conditions had worsened. The ALJ's summary of this evidence is simply inaccurate, insofar as it suggests that Cartwright conceded her conditions played no role in her retirement.

Furthermore, the Court cannot conclude that this mischaracterization was harmless. *See Mecklenburg v. Comm'r of Soc. Sec.*, No. 18-CV-55, 2019 WL 3083041, at *5 (W.D.N.Y. July 15, 2019) (stating that a misstatement of fact does not warrant remand if the error is harmless). The ALJ concluded that Cartwright could perform sedentary work. Tr. 19. He reasoned that Cartwright had been able to perform sedentary work until her retirement, and there was no evidence of deterioration in her conditions thereafter. *See* Tr. 21. Consequently, it was reasonable to conclude that she could still perform sedentary work. *See* Tr. 21, 22.

On the basis of that reasoning, the ALJ discounted Cartwright's subjective complaints, stating that she retained "a wide range of functioning" and "was able complete her past relevant work at a competitive basis despite her impairments." Tr. 20. He also gave less weight to the March 2018 opinion of Cartwright's treating physician because he found it inconsistent with Cartwright's ability to work full-time prior to her retirement. *See* Tr. 21. At the conclusion of the decision, the ALJ stated, "The overall record shows a history of significant limitations and impairments, . . . . [h]owever, these impairments existed prior to the alleged onset date, and the claimant was able to complete full time work, at the sedentary level." Tr. 21-22. Put simply, much of the ALJ's reasoning is premised on a mischaracterization of the disability report—*i.e.*, that Cartwright had retired for reasons other than her worsening condition.

This is not to say that the ALJ's ultimate conclusion—that Cartwright was capable of sedentary work—is unreasonable. Rather, it is the ALJ's process for reaching that conclusion that was erroneous. In making findings and resolving conflicts in the record, an "ALJ may not ignore or mischaracterize evidence of a person's alleged disability." *Bushey v. Comm'r of Soc. Sec.*, No. 17-CV-450, 2019 WL 1424547, at *5 (W.D.N.Y. Mar. 29, 2019). Rather, where there is conflicting evidence, the ALJ must acknowledge the conflict and explain why "the conflicting [evidence] is being disregarded." *Arias v. Astrue*, No. 11-CV-1614, 2012 WL 6705873, at *2 (S.D.N.Y. Dec. 21, 2012). Because the ALJ did not do so, further administrative proceedings are necessary.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED and Cartwright's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 17, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court